United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

ZACHARY TIBRE ROBEY,

    Petitioner,

vs.

BRENDA CASH, Warden,

    Respondent.
_____/

No. C 11-2054 PJH (PR)

**ORDER DENYING PETITIONER'S MOTIONS FOR LEAVE TO PROCEED IN FORMA PAUPERIS AND FOR APPOINTMENT OF COUNSEL, GRANTING MOTION FOR STAY, AND ADMINISTRATIVELY CLOSING CASE**

    This is a habeas case filed pro se by a state prisoner. Petitioner was assisted in preparing the petition by attorney Randi Covin. He has filed motions for leave to proceed in forma pauperis, for appointment of counsel, and for a stay of the case to allow him to exhaust additional issues in state court.

## DISCUSSION

**I.    Motion for Leave to Proceed In Forma Pauperis**

    In view of petitioner's income over the six months preceding his filing the petition, his motion for leave to proceed in forma pauperis will be denied.

**II.    Motion for Stay**

    Petitioner filed a state habeas petition in superior court on April 7, 2011. He asks that this case be stayed to allow him to exhaust his claims through the California Supreme Court level. The unexhausted claims are claims four through six in the petition.

    District courts may stay mixed petitions to allow exhaustion. *Rhines v. Webber*, 544 U.S. 269, 277 (2005). Such stays can, however, only be granted upon a showing of good cause for petitioner's failure to exhaust the issues before filing the federal petition, and a showing that the issues which the petitioner proposes to exhaust are "potentially

meritorious." *Id.*

Petitioner diligently attempted to obtain counsel to file in state court. His family eventually was able to raise a small amount of money to allow it, but counsel then was delayed in doing so by a family illness. This is sufficient to show good cause for the failure to exhaust earlier. And the issues listed in the state petition are colorable federal claims. The motion for a stay will be granted.

### III.     Motion for Counsel

Petitioner asks that counsel be appointed.

The Sixth Amendment's right to counsel does not apply in habeas corpus actions. *Knaubert v. Goldsmith*, 791 F.2d 722, 728 (9th Cir. 1986). However, 18 U.S.C. § 3006A(a)(2)(B) authorizes appointment of counsel to represent a habeas petitioner whenever "the court determines that the interests of justice so require and such person is financially unable to obtain representation."

The court cannot appoint counsel to assist petitioner in state court. *See In re Lindsey*, 875 F.2d 1502, 1507-1509 (11th Cir. 1989) (18 U.S.C. § 3006A does not require federal courts to fund lawyers and experts to assist federal habeas petitioners in pursuit of state-court collateral review); *cf. Sterling v. Scott*, 57 F.3d 451, 455-58 (5th Cir. 1995) (statute providing for appointment of counsel for capital petitioners in federal habeas proceedings does not authorize federal funds to pay for counsel in state habeas proceedings); *Hill v. Lockhart*, 992 F.2d 801, 803 (8th Cir. 1993) (accord). Because the appointment would not extend to the state court actions, no order to show cause has issued here, and the case is stayed, counsel's assistance is not presently necessary. The motion will be denied without prejudice to renewing it at a later stage of the case.

### CONCLUSION

1. Petitioner's motion for leave to proceed in forma pauperis (document number 5 on the docket) is **DENIED**. Petitioner shall pay the five dollar ($5.00) filing fee within thirty days of entry of this order or the case will be dismissed.

///

2. Petitioner's motion for appointment of counsel (document number 3) is **DENIED**.

3. Petitioner motion to stay the case while he exhausts (document number 4) is **GRANTED**.  This case is **STAYED**.  If petitioner is not granted relief in state court, he may return to this court and ask that the stay be lifted.  Petitioner must notify this court within thirty days after the state courts have completed their review of his claims or after they have refused review of his claims.

The clerk shall administratively close this case.  The closure has no legal effect; it is purely a statistical matter.  The case will be reopened and the stay vacated upon notification by petitioner that state proceedings have been completed.

**IT IS SO ORDERED.**

Dated:  June 27, 2011.

PHYLLIS J. HAMILTON
United States District Judge

P:\PRO-SE\PJH\HC.11\ROBERY2054.supp stay.wpd

3